# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION AT CINCINNATI

CAMERON BARRON[1],

|                |   |                          |
|----------------|---|--------------------------|
| Petitioner,    | : | Case No. 1:12-cv-845     |
| - vs -         |   | Chief Judge Susan J. Dlott |
|                |   | Magistrate Judge Michael R. Merz |
| ERNIE MOORE, Warden |  |                     |
|                | : |                          |
| Respondent.    |   |                          |

## REPORT AND RECOMMENDATIONS

This habeas corpus case is before the Court for decision on the merits.

The Petition avers that Mr. Barron was convicted in the Hamilton County Common Pleas Court of murder and having weapons under disability and sentenced to twenty-eight years to life imprisonment (Petition, Doc. No. 6, ¶¶ 1, 3, 5. PageID 41.)   Barron ;pleads the following grounds for relief:

> **Ground One:**  Unconstitutional supplemental instruction.
>
> **Ground Two:** Conviction supported by insufficient evidence violating the Defendant's Due Process Clause of the 14th Amendment.
>
> **Ground Three:**  The trial court erred imposing consecutive sentences upon the petitioner-defendant when the crime were [sic] committed with the sane animus.

*Id.*  Barron has supported the Petition with an extensive memorandum (PageID 54-72).

---

[1] This is the spelling of Petitioner's name he gives in the pleadings.  It is spelled "Baron" in the state court of appeals opinion on direct appeal.

1

**Ground One:  Unconstitutional Supplemental ("*Allen*") Instruction**

In his First Ground for Relief, Barron asserts that the supplemental instruction Judge Winkler gave to the jury, a so-called *Allen* charge, was unconstitutionally coercive (Memorandum in Support, Doc. No. 6, PageID 57-62).

The Warden asserts this Ground for Relief is barred by Barron's procedural default in presenting it to the Ohio courts.  As shown by the record, this claim was not raised on direct appeal (Return of Writ, Doc. No. 11, Ex. 8.)  Barron later filed an application to reopen the direct appeal, asserting that his appellate counsel was ineffective for failing to make this claim.  When the Warden raised the procedural default defense in the Return of Writ, Barron asked for leave to withdraw his petition so that he could return to the Ohio Supreme Court to exhaust this claim (Doc. No. 14).  However, as the Magistrate Judge explained in denying the request to withdraw, the problem is not lack of exhaustion of a state court remedy, but failure to pursue that remedy when it was still available (See Decision and Order, Doc. No. 16).

The requirement of the Ohio Supreme Court that an appeal from denial of an application to reopen be taken within forty-five days of final judgment in the court of appeals is an adequate and independent state ground for decision.  *Bonilla v. Hurley,* 370 F.3d 494, 497 (6th Cir. 2004).  Because he did not timely appeal from denial of his 26(B) application, he cannot rely on ineffective assistance of appellate counsel to excuse his failure to raise Ground for Relief on direct appeal.  The First Ground for Relief should be dismissed with prejudice.

**Ground Two:  Insufficient Evidence**

In his Second Ground for Relief, Barron asserts he was convicted on insufficient evidence.  He states that this is not a traditional sufficiency of the evidence claim, but rather requires the Court to consider the sufficiency of the evidence, the defense of self-defense which Barron raised at trial, and the *Allen* charge claim (Memorandum in Support, Doc. No. 6, PageID 62-63).

For the reasons given above, Ground One is procedurally defaulted.  Furthermore, the existence of the *Allen* charge does not change the sufficiency of  the evidence analysis.  Barron asserts that the jury had reached a verdict, to wit, that it was hung.  But that is not a verdict and the jury did not continue to be hung after the *Allen* charge was given, but in fact returned a verdict.

An allegation that a verdict was entered upon insufficient evidence states a claim under the Due Process Clause of the Fourteenth Amendment to the United States Constitution. *Jackson v. Virginia*, 443 U.S. 307 (1979); *In re Winship*, 397 U.S. 358 (1970); *Johnson v. Coyle*, 200 F.3d 987, 991 (6th Cir. 2000); *Bagby v. Sowders,* 894 F.2d 792, 794 (6th Cir. 1990)(en banc). In order for a conviction to be constitutionally sound, every element of the crime must be proved beyond a reasonable doubt.  *In re Winship*, 397 U.S. at 364.

> [T]he relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt . . . .  This familiar standard gives full play to the responsibility of the trier of fact fairly to resolve conflicts in the testimony, to weigh the evidence and to draw reasonable inferences from basic facts to ultimate facts.

*Jackson v. Virginia*, 443 U.S. at 319; *United States v. Paige,* 470 F.3d 603, 608 (6th Cir. 2006);

*United States v. Somerset*, 2007 U.S. Dist. LEXIS 76699 (S.D. Ohio 2007). This rule was

recognized in Ohio law at *State v. Jenks*, 61 Ohio St. 3d 259 (1991). Of course, it is state law

which determines the elements of offenses; but once the state has adopted the elements, it must

then prove each of them beyond a reasonable doubt. *In re Winship, supra.*

In cases such as Petitioner's challenging the sufficiency of the evidence and filed after

enactment of the Antiterrorism and Effective Death Penalty Act of 1996 (Pub. L. No 104-132,

110 Stat. 1214)(the "AEDPA"), two levels of deference to state decisions are required:

> In an appeal from a denial of habeas relief, in which a petitioner
> challenges the constitutional sufficiency of the evidence used to
> convict him, we are thus bound by two layers of deference to
> groups who might view facts differently than we would. First, as in
> all sufficiency-of-the-evidence challenges, we must determine
> whether, viewing the trial testimony and exhibits in the light most
> favorable to the prosecution, any rational trier of fact could have
> found the essential elements of the crime beyond a reasonable
> doubt. See *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S. Ct. 2781,
> 61 L. Ed. 2d 560 (1979). In doing so, we do not reweigh the
> evidence, re-evaluate the credibility of witnesses, or substitute our
> judgment for that of the jury. See *United States v. Hilliard*, 11 F.3d
> 618, 620 (6th Cir. 1993). Thus, even though we might have not
> voted to convict a defendant had we participated in jury
> deliberations, we must uphold the jury verdict if any rational trier
> of fact could have found the defendant guilty after resolving all
> disputes in favor of the prosecution. Second, even were we to
> conclude that a rational trier of fact could not have found a
> petitioner guilty beyond a reasonable doubt, on habeas review, we
> must still defer to the state appellate court's sufficiency
> determination as long as it is not unreasonable. See 28 U.S.C. §
> 2254(d)(2).

*Brown v. Konteh,* 567 F.3d 191, 205 (6th Cir. 2009). In a sufficiency of the evidence habeas

corpus case, deference should be given to the trier-of-fact's verdict under *Jackson v. Virginia* and

then to the appellate court's consideration of that verdict, as commanded by AEDPA. *Tucker v.*

*Palmer*, 541 F.3d 652 (6th Cir. 2008).

> We have made clear that *Jackson* claims face a high bar in federal habeas proceedings because they are subject to two layers of judicial deference. First, on direct appeal, "it is the responsibility of the jury -- not the court -- to decide what conclusions should be drawn from evidence admitted at trial. A reviewing court may set aside the jury's verdict on the ground of insufficient evidence only if no rational trier of fact could have agreed with the jury." *Cavazos v. Smith,* 565 U. S. 1, ___, 132 S. Ct. 2, 181 L. Ed. 2d 311, 313 (2011) (*per curiam*). And second, on habeas review, "a federal court may not overturn a state court decision rejecting a sufficiency of the evidence challenge simply because the federal court disagrees with the state court. The federal court instead may do so only if the state court decision was 'objectively unreasonable.'" *Ibid.* (quoting *Renico v. Lett*, 559 U. S. [766], ___, ___, 130 S. Ct. 1855, 176 L. Ed. 2d 678 (2010)).

*Coleman v. Johnson*, 566 U.S. ___, ___, 132 S. Ct. 2060, 2062, (2012)(*per curiam*).

Ohio Revised Code § 2901.05(A) places the burden on a defendant to prove self-defense by a preponderance of the evidence.  Allocating the burden of production and proof in that way is constitutional.  *Martin v. Ohio,* 480 U.S. 228 (1987).  Barron seems to argue that this changes the weighing of evidence on a sufficiency claim.

> The burden to establish self-defense, by a preponderance of the evidence, is on the defendant.  However, evidence is sufficient to prove self-defense, where there is a reasonable doubt of guilt, based upon a claim of self-defense. Virtually identical, to a sufficiency of the evidence standard, the self-defense analysis requires the reviewing court to review the evidence in the light most favorable view, but, of the defendant. Therefore, as when the court hears a sufficiency of the evidence case the Habeas Court can not consider such arguments as: 'there was contradictory evidence,' or 'whether the corroborating witness had a motive to lie' etc.
>
> Direct and/or circumstantial evidence will satisfy the petitioners burden; as long as a rational trier of facts would agree and the evidence is not objectively unreasonable. Thereby, a petitioner successfully raises the affirmative defense by introducing sufficient evidence, which if believed, would raise a question in the minds of reasonable [trier of facts] concerning the existence of the issue.

(Memorandum in Support, Doc. No. 6, PageID 63.)  In other words Barron seems to be claiming

that the standard for establishing self-defense is the exact obverse of showing sufficient evidence

for conviction.  If the defendant produces sufficient evidence which, if believed, shows self-

defense, then the habeas court must accept the defense.  However, he presents no federal case

law authority for that proposition and adopting it would turn *Jackson v. Virginia*, *supra*, on its

head:  no matter how strong the prosecution's case was, a defendant would as a matter of

constitutional law have to be acquitted every time he presented sufficient evidence to get to the

jury on his self-defense claim.

The correct analysis is to weigh the self-defense evidence along with all the other

evidence and determine if, on the basis of all the evidence, the jury could reasonably have

convicted a defendant.  That is the standard the First District Court of Appeals applied to

Barron's insufficiency claim when it held:

> [*P6] When reviewing the sufficiency of the evidence, this court
> must view all probative evidence and reasonable inferences in the
> light most favorable to the prosecution to determine whether any
> rational trier of fact could have found all the elements of the
> offense beyond a reasonable doubt.2 In contrast, when reviewing
> the weight of the evidence, this court must independently weigh
> the evidence and consider the credibility of the witnesses to
> determine whether the trier of fact lost its way and created a
> manifest miscarriage of justice in convicting the defendant.3
>
> FOOTNOTES 2 State v. Martin (1983), 20 Ohio App.3d 172, 175,
> 20 Ohio B. 215, 485 N.E.2d 717. 3 State v. Thompkins, 78 Ohio
> St.3d 380, 387, 1997 Ohio 52, 678 N.E.2d 541.
>
> [*P7] Baron was convicted of murder under R.C. 2903.02(A).
> This statute states that "[n]o person shall purposely cause the death
> of another or the unlawful termination of another's pregnancy."
> Baron specifically argues that the state failed to prove that he had
> acted purposely. One acts purposely when "it is his specific
> intention to cause a certain result."4 Following our review of the

record, we conclude that the state sufficiently established the elements of murder, including that Baron had purposely caused the death of Rutherford.

FOOTNOTES 4 R.C. 2901.22(A).

[*P8] Krista Gamble testified that Baron fired at Rutherford approximately four or five times at close range during a verbal altercation. Baron's repeated firing of his weapon during a non-violent confrontation at such a close range clearly demonstrates that he acted with purpose. Baron's murder conviction was supported by sufficient evidence.

[*P9] Baron further argues that he had sufficiently proven self-defense by a preponderance of the evidence. To successfully rely on the affirmative defense of self-defense, a defendant must establish that he was not at fault in creating the violent situation, that the defendant had a legitimate belief that he was in danger of imminent death or great bodily harm and that the only means of escape was through the use of force, and that the defendant did not violate any duty to retreat or avoid the danger.
5

FOOTNOTES 5 State v. Thomas, 77 Ohio St.3d 323, 326, 1997 Ohio 269, 673 N.E.2d 1339.

[*P10] In this case, Baron failed to establish that he was not at fault in creating the violent situation. The record indicates that Baron nearly struck Gamble with his vehicle as she stood in the street. Gamble then yelled something at Baron as he drove away. But rather than continuing to drive down the street and avoid a confrontation, Baron elected to back down the street towards Gamble and Rutherford.

[*P11] We further find that the record did not establish that Baron had a legitimate belief that he was in danger of imminent death or great bodily harm. Baron and his passenger, Christopher Walker, both testified that they had viewed a weapon on Rutherford's waist. But Walker further testified that Rutherford had not removed the weapon from his waistband at the time that he was shot. In contradiction to Baron and Walker's testimony, Krista Gamble testified that Rutherford had been unarmed on the evening of the shooting. Both George Williams and Yolanda Williams, who had spent the evening prior to the shooting with Gamble and Rutherford, corroborated Gamble's testimony that Rutherford had

7

> been unarmed. And no weapon was found on Rutherford's person
> or near the area where the shooting had taken place.
> [*P12] The jury was in the best position to judge the credibility of
> the witnesses. It was entitled to reject Baron's testimony and find
> that offered by the state's witnesses to be more credible. We cannot
> find that the jury lost its way and committed a manifest
> miscarriage of justice in rejecting Baron's theory of self-defense
> and in finding him guilty of murder. Baron's conviction for murder
> was not against the manifest weight of the evidence.

*State v. Baron*, 2011-Ohio-3204, 2011 Ohio App. LEXIS 2725 (1st Dist. June 30, 2011).

This reading of the evidence is not unreasonable.  Barron's claim that he had to back up because he might have hit someone is not completely incredible, but it is also readily understandable why the jury did not accept it:  Barron himself says Gamble struck his car, not that his car struck Gamble.  Thus his backing up and the testimony about the verbal exchanges supports the conclusion that it was "road rage" which was going on, rather than an intention not to violate the hit-skip law.

Barron argues that the state did not prove purpose to kill, but the purpose element can be readily inferred, as the jury obviously did, from shooting someone multiple times at point blank range.

Barron's Second Ground for Relief is without merit and should be dismissed with prejudice.

**Ground Three:  Imposition of Consecutive Sentences**

Barron was convicted of murder with two different firearm specifications:  using a firearm while committing a murder and dis charging a firearm from a motor vehicle.  Judge Winkler imposed consecutive three-year sentences for each of these specifications and Barron

appealed from that decision.  The First District Court of Appeals analyzed this claim as follows:

> [*P20] We next consider Baron's argument that the trial court erred in ordering his sentences on the two firearm specifications to be served consecutively. The jury found Baron guilty of two firearm specifications. The first specification provided that Baron "did have on or about his person, or under his control, a firearm while committing the offense of Murder and displayed the firearm, brandished the firearm, indicated that he possessed a firearm or used it to facilitate murder * * *." The second firearm specification provided that Baron "did while committing Murder * ** discharge a firearm from a motor vehicle."

> [*P21] The protections against multiple punishments found in R.C. 2941.25 do not apply to firearm specifications. In State v. Ford, the Ohio Supreme Court found that the offense of discharging a firearm at or into a habitation and an accompanying firearm specification were not allied offenses of similar import.11 The court first held that a firearm specification was not an "offense" as contemplated by R.C. 2941.25, but rather was a sentencing enhancement.12 And because R.C. 2941.25 requires the merger of two or more "offenses," the court  held that discharging a firearm at or into a habitation and an accompanying specification were not subject to merger.
> 13

> FOOTNOTES 11 128 Ohio St.3d 398, 2011 Ohio 765, 945 N.E.2d 498, paragraph one of the syllabus. 12 Id. at ¶17. 13 Id. at ¶19.

> [*P22] Because R.C. 2941.25 concerns the merger of two or more offenses, Baron cannot rely on it to argue that the sentences imposed for the firearm specifications, which are sentencing enhancements, must merge.

> [*P23] Moreover, the legislature has clearly indicated that the trial court must impose sentence for each of these specifications and that the sentences imposed for these specifications must be served consecutively. R.C. 2929.14(D)(1)(c) provides that, if a trial court imposes sentence on a offender for the specification concerning discharging a firearm from a motor vehicle, then "the court also shall impose a prison term under division (D)(1)(a) of this section relative to the same offense, provided the criteria specified in that division for imposing an additional prison term are satisfied relative to the offender and the offense."

9

> [*P24] Further, R.C. 2929.14(E)(1)(a) states in relevant part that if a mandatory prison term is imposed upon an offender pursuant to division (D)(1)(a) of this section for having a firearm on or about the offender's person or under the offender's control while committing a felony, if a mandatory prison term is imposed upon an offender pursuant to division (D)(1)(c) of this section for committing a felony specified in that division by discharging a firearm from a motor vehicle, or if both types of mandatory prison terms are imposed, the offender shall serve any mandatory prison term imposed under either division consecutively to any other mandatory prison term imposed under either division or under division (D)(1)(d) of this section, consecutively to and prior to any prison term imposed for the underlying felony pursuant to division (A), (D)(2), or (D)(3) of this section or any other section of the Revised Code, and consecutively to any other prison term or mandatory prison term previously or subsequently imposed upon the offender."
>
> [*P25] Pursuant to R.C. 2929.14(E)(1)(a), the trial court properly made the sentence imposed for each firearm specification consecutive. The fourth assignment of error is overruled.

*State v. Baron*, 2011-Ohio-3204, 2011 Ohio App. LEXIS 2725 (1st Dist. June 30, 2011).

In his Memorandum in Support, Barron argues that the First District Court of Appeals misapplied Ohio Revised Code § 2941.25, Ohio's multiple offense statute.  Federal habeas corpus is available only to correct federal constitutional violations.  28 U.S.C. § 2254(a); *Wilson v. Corcoran,* 562 U.S. ___, 131 S. Ct. 13; 178 L. Ed. 2d 276 (2010)*; Lewis v. Jeffers*, 497 U.S. 764, 780 (1990); *Smith v. Phillips*, 455 U.S. 209 (1982), *Barclay v. Florida,* 463 U.S. 939 (1983).   "[I]t is not the province of a federal habeas court to reexamine state court determinations on state law questions.  In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States." *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991).

Because this federal habeas corpus court cannot consider the claims Barron makes that the First District misapplied Ohio Revised Code § 2941.25, the Third Ground for Relief should

be dismissed.


**Conclusion**


Based on the foregoing analysis, it is respectfully recommended that the Petition herein

be dismissed with prejudice.  Because reasonable jurists would not disagree with this conclusion,

Petitioner should be denied a certificate of appealability and the Court should certify to the Sixth

Circuit that any appeal would be objectively frivolous.


March 7, 2014.

s/ *Michael R. Merz*
United States Magistrate Judge

**NOTICE REGARDING OBJECTIONS**


Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the
proposed findings and recommendations within fourteen days after being served with this Report
and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to seventeen
days because this Report is being served by one of the methods of service listed in Fed. R. Civ.
P. 5(b)(2)(C), (D), (E), or (F). Such objections shall specify the portions of the Report objected
to and shall be accompanied by a memorandum of law in support of the objections. If the Report
and Recommendations are based in whole or in part upon matters occurring of record at an oral
hearing, the objecting party shall promptly arrange for the transcription of the record, or such
portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the
assigned District Judge otherwise directs. A party may respond to another party's objections
within fourteen days after being served with a copy thereof.  Failure to make objections in
accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638
F.2d 947, 949-50 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140, 153-55 (1985).